23848.   CLAY *v.* CLAY.

Decided July 20, 1934.   Rehearing denied September 29, 1934.

*Hallie B. Bell, W. O. Cooper Jr.,* for plaintiff in error.
*R. D. Feagin,* contra.

Guerry, J. ■ Mrs. M. E. Clay obtained a judgment in the sum of $555 against W. P. Clay on June 14, 1929. The fi. fa. issued thereon was levied on July 29, 1931, on a certain Buick roadster automobile, and a claim thereto was interposed by Mrs. Agnes Clay, the wife of W. P. Clay. The officer found the automobile standing in front of defendant in fi. fa.'s house and there levied upon and seized it. The evidence discloses that the defendant in fi. fa. bought the automobile and signed the purchase-money notes therefor and returned it for taxation. The claimant's evidence is to the effect that she furnished a part of the money used in the purchasing of this automobile and that her husband gave to her what he furnished in making the purchase. The evidence was in sharp conflict as to this and as to the value of the car at the time of the levy. The jury found the property subject and found that the claim was interposed for delay only and fixed the damages at $400. Complaint is made that the court erred in charging the jury as follows: "In this case the burden of proof is on the plaintiff, that is, Mrs. M. E. Clay; the burden of proof is on the plaintiff to establish by a preponderance of the evidence her allegations, that is, that the car belongs to Mr. W. P. Parks instead of Mrs. Agnes Clay, the claimant, with this modification: A married woman

may make contracts with other persons, but when a transaction between husband and wife is attacked for fraud by the creditors of either, the issue or the burden is on the husband and wife to show that the transaction was fair. If the wife has a separate estate and purchase property from other persons than her husband, and the property is levied on as the property of the husband, the issue is upon the creditor to show fraud or that she did not have the means wherewith to purchase the property. You will understand that under our law, a married woman can own property and have a separate estate." This was a correct principle of law as applicable to the facts and pleadings in this case. There was direct evidence that the husband was in possession of the car at the time of levy, as well as the circumstance shown by the officer making the levy. The charge was not objectionable for the reason that it was misleading, confusing, and prejudicial to the rights of the plaintiff. The defendant in fi. fa. testified that he bought the automobile and the claimant's evidence showed that he signed the purchase-money notes therefor. The burden was then on the claimant to establish her title, and the principle charged was applicable under the evidence adduced.

■ The record of the evidence in a former trial of this case was introduced in evidence and the witnesses examined in reference to what was sworn in a former trial. Complaint is made because the court charged that there had been some evidence introduced tending to show that witnesses testified differently on another trial of the case; and if it had been established that this had been done, the jury might determine the effect of this evidence as affecting their credibility. In the case of *Chapman* v. *State*, 109 *Ga.* 157 (34 S. E. 369), it was held to be error for the court to charge: "There has been some evidence allowed to go before you tending to show threats," when the evidence introduced to establish such threats is by no means clear or satisfactory. In that case, it was held to be error for the court to state that the evidence *tended* to show threats when such was not clearly shown. If there had been direct evidence that threats had been made and the court had so charged, there would have been no error in the charge. In the present case the court charged: "If it has been established to your satisfaction that any witness has testified differently on a former trial in reference to a material matter connected with the case, different

from what they now testify, you would be authorized not to believe that witness; that being a matter solely for your determination. The court does not mean to intimate anything in regard to that, because that is solely for you. . . If the jury believe that the witness that was undertaken to be impeached was impeached, you still would have the right to believe that witness and that testimony in this case if you see fit." The statement by the court is but a statement of the contention of the parties made from the evidence, and the judge nowhere intimates what has been proved. It is error to state that the evidence shows such and such a contention to be true, where there is a conflict in reference thereto. It is not error to state that one party has introduced evidence tending to show that a witness has testified differently at another trial, and that this is done for the purpose of impeachment and then in that immediate connection to tell the jury that it is for them to determine whether the witness has testified differently at another trial, and also for them to consider whether they will believe such witness.

The evidence amply supported the verdict. The remaining grounds of the motion for new trial are without merit. The court did not err in overruling the motion.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*